**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **ROBERT D. TURNER III,** § | | |
|               **Plaintiff** § | | |
| § | | |
| **VS.** § | **NO: 2:12-cv-588** | |
| § | **(JURY)** | |
| § | | |
| **AKZO NOBEL PAINTS, LLC,** § | | |
|               **Defendant** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ROBERT D. TURNER III ("TURNER")**, Plaintiff, and files this his Original Complaint, complaining of and against **AKZO NOBEL PAINTS, LLC ("AKZO")**, Defendant in this cause, and in support thereof, would respectfully show the Court the following, to-wit:

1. Plaintiff is a citizen of the State of Texas.

2. Defendant, **AKZO**, is a foreign corporation with its principle residence and place of business in the State of Ohio. Defendant may be served with summons by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

3. The matter in controversy exceeds, exclusive interest and costs, the sum specified by 28 U.S.C. §1332, and Plaintiff and Defendant are residents and citizens of different states; therefore, this Court has jurisdiction.

4. This Court has venue because this accident occurred in the Eastern District of Texas, and Plaintiff was a resident in the Eastern District of Texas when the accident occurred. Furthermore, Defendant regularly conducts business in the Eastern District of Texas, Marshall Division.

5.  On or about July 9, 2012, Plaintiff, TURNER, was traveling Eastbound on Loop 323 WSW in Tyler, Texas.  Plaintiff was stopped in the inside turn lane when Defendant, through its driver, Chase Austin Nick, violently rear-ended Plaintiff.  Said driver, Chase Austin Nick, was driving with a Court order.

6.  At all times pertinent to this lawsuit, Chase Austin Nick was in the course and scope of his employment or agency relationship with Defendant, AKZO, and Plaintiff invokes the doctrine of *Respondeat Superior*.

7.  On the occasion in question, Defendant's driver, Nick, operated the 2008 Ford in a negligent manner, in that he violated the duty which he owed to Plaintiff to exercise ordinary care in the operation of his motor vehicle, *inter alia*, in failing to control his speed, in failing to keep a proper look-out, in failing to properly apply his brakes, in failing to take proper evasive action in order to avoid a collision, in failing to maintain an assured clear distance, in failing to stay awake, in failing to stay in his lane of traffic, and in violating such laws and ordinances so as to constitute negligence *per se*.  Each of these acts and omissions, singularly, or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

8.  As a direct and proximate result of the previously described negligence of the Defendant, Plaintiff, TURNER, suffered injuries to his body generally.  These injuries are permanent in nature and in all reasonable probability, said Plaintiff will suffer for a long time into the future, if not for the balance of his natural life.  Plaintiff has suffered severe physical pain and mental anguish, and in reasonable probability, will suffer such physical pain and mental anguish in the future.  Plaintiff has incurred medical expenses and lost wage earning capacity in the past, and in reasonable probability will incur such in the future.  Further, Plaintiff has suffered severe physical impairment

and disfigurement, and in reasonable probability, will suffer such physical impairment and disfigurement in the future.  This suit is brought for fair, reasonable and adequate compensation for all of his damages, and it is alleged that such compensation is well in excess of $100,000.00.

9. Plaintiff would show that he is entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

### REQUEST FOR JURY TRIAL

11. Plaintiff respectfully requests a trial by a jury of his peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that upon final trial, Plaintiff recovers a judgment against the Defendant for his damages, interest, costs, and for such other and further relief to which Plaintiff may be justly entitled, general and special, at law and at equity.

**RESPECTFULLY SUBMITTED:**

**G.R. (RANDY) AKIN, P.C.**
**ATTORNEY-MEDIATOR**
**GRA@RANDYAKIN.COM**
**WWW.RANDYAKIN.COM**
**3400 WEST MARSHALL AVE.**
**SUITE 300**
**LONGVIEW, TEXAS  75604**
**(903) 297-8929**
**(903) 297-9046 (FAX)**

**KEITH MILLER**
**ATTORNEY AT LAW**
**KEITH@5974090.NET**
**WWW.KEITHMILLERLAW.COM**
**STATE BAR NO. 14093750**
**100 E. FERGUSON, STE. 101**
**TYLER, TX 75702**
**(903) 597-4090**
**(903) 526-2793 (FAX)**

   */s/ Randy Akin*
**G.R. (RANDY) AKIN**
**STATE BAR NO. 00954900**

**ATTORNEYS FOR PLAINTIFF**